```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
          v.                       )    Civil No. 1969-295
                                   )
VIRGIN ISLANDS GIFT AND FASHION    )
SHOP ASSOCIATION, INC.; C. & M.    )
CARON, INC.; A.H. RIISE GIFT SHOP, )
INC.; CAVANAGH'S, INC.; CARIBE TIME)
PRODUCTS, INC.; CONTINENTAL, INC.; )
THE GENERAL TRADING CORPORATION;   )
CARDOW, INC.; CASA VENEGAS, INC.;  )
FRENCH SHOPPE, INC.; LITTLE SHOP,  )
INC.; MR. WOODIE, INC.; CHI CHI,   )
INC.; ST. THOMAS JEWELRY, INC.     )
d/b/a PLACE VENDOME; H. STERN-ST.  )
THOMAS, INC.; THEO'S INC.; and A.H.)
LOCKHART & CO., INC.,              )
                                   )
          Defendants.              )
```

**ATTORNEYS:**

**R. Cameron Gower**
United States Department of Justice
Washington, DC
    *For the United States of America.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the United States to terminate the September 8, 1970, Judgment entered in this action.

    **I.    FACTUAL AND PROCEDURAL HISTORY**

On September 10, 1969, the United States filed a complaint alleging antitrust violations under 15 U.S.C. § 3 against the

Virgin Islands Gift and Fashion Shop Association, Inc.; C. & M. Caron, Inc.; A.H. Riise Gift Shop, Inc.; Cavanagh's, Inc.; Caribe Time Products, Inc.; Continental, Inc.; The General Trading Corporation; Cardow, Inc.; Casa Venegas, Inc.; French Shoppe, Inc.; Little Shop, Inc.; Mr. Woodie, Inc.; Chi Chi, Inc.; St. Thomas Jewelry, Inc. d/b/a Place Vendome; H. Stern-St. Thomas, Inc.; Theo's Inc.; and A.H. Lockhart & Co., Inc. (collectively "the Gift Shop Defendants"). The several Gift Shop defendants each were retailers of merchandise sole in their respective gift shops.

On September 8, 1970, this Court entered a final judgment to which the parties consented. That judgment perpetually enjoins the Gift Shop Defendants from fixing or facilitating fixing the price or discounts of gift shop items. The judgment also perpetually requires the Gift Shop Defendants to report to the United States or open their books to the United States upon the United States's reasonable request. Further, the judgment contains various short-term requirements, such as requiring the Gift Shop Defendants to cancel or destroy certain price lists, discount schedules, and other materials within 30 days of entry of the judgment. The judgment also retained jurisdiction "for the purpose of enabling any of the parties . . . to apply to this Court at any time for such further orders and directions as may be necessary or

appropriate for . . . termination of any of the provisions [of this Final Judgment]." *See United States v. V.I. Gift & Fashion Shop Ass'n*, No. 1969-295, 1970 U.S. Dist. LEXIS 10335, at \*10 (D.V.I. Sep. 8, 1970).

The United States now moves, pursuant to Federal Rule of Civil Procedure 60(b), to terminate the September 8, 1970, Judgment.

## II. DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Federal Rule of Civil Procedure 60 ("Rule 60") in pertinent part provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b)(5) motion may be granted "when the party seeking relief from an injunction . . . can show 'a significant change either in factual conditions or in law.'"

*Agostini v. Felton*, 521 U.S. 203, 215 (1997) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). Because Rule 60(b)(5) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances," *Frew v. Hawkins*, 540 U.S. 431, 441 (2004), the Court "should apply a 'flexible standard' to the modification of consent decrees when a significant change in facts or law warrants their amendment." *Id.* (citing *Rufo*, 502 U.S. at 393).

Relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief." *Coltec Indus. Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

### III. ANALYSIS

The United States indicates that pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60") it seeks to terminate the September 8, 1970, Judgment in this case.

The United States asserts that its experience enforcing antitrust laws has shown that markets evolve over time "in ways that render long-lived judgments no longer protective of competition, or even anticompetitive." *See* Mot. of the United States to Terminate a Legacy Antitrust J. at 2, ECF No. 3. As a result, since 1979, the Antitrust Division of the United States Department of Justice ("Antitrust Division") has "followed a

policy of including in each judgment a term automatically terminating antitrust judgments after no more than ten years." *Id.*

Here, the September 8, 1970, Judgment has been in effect for over 48 years. Significantly, the deadline for each short-term requirement imposed by that judgment has long-since elapsed. Additionally, the ongoing prohibitions within the judgment target only price fixing or facilitation thereof--actions already prohibited by the antitrust laws. *See, e.g.,* 15 U.S.C. § 3; *United States v. Nat'l Ass'n of Real Estate Bds.*, 339 U.S. 485, 489 (1950); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 720 (1944). The United States also informs the Court that the leading defendant, the Virgin Islands Gift and Fashion Shop Association, Inc., no longer exists. Given these circumstances, termination of the September 8, 1970, Judgment is appropriate. *See, e.g., United States v. Eastman Kodak Co.*, 63 F.3d 95, 102 (2d Cir. 1995) (affirming a district court's exercise of equitable discretion to terminate antitrust decrees where (1) the primary purposes of the decrees--the elimination of monopoly and unduly restrictive practices--had

been achieved and (2) termination of the decrees would benefit consumers).

The premises considered, it is hereby

**ORDERED** that the motion of the United States to reopen the case (ECF No. 2) is **GRANTED**; it is further

**ORDERED** that the motion of the United States to terminate the September 8, 1970, Judgment (ECF No. 3) is **GRANTED**; and it is further

**ORDERED** that the September 8, 1970, Judgment entered in this matter is **TERMINATED**.

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**